IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYDEX TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HOSPIRA INC.,<br><br>    Defendant. | Civil Action No. 1:13-cv-00668-RGA<br><br>**JURY TRIAL DEMANDED** |

**RYDEX TECHNOLOGY, LLC'S REPLY TO
DEFENDANT HOSPIRA INC.'S COUNTERCLAIMS**

  Plaintiff Rydex Technologies LLC ("Rydex" or "Plaintiff") hereby replies to the Counterclaims filed by Defendant Hospira Inc. ("Hospira" or "Defendant"). Unless specifically admitted, Rydex generally denies all allegations in the Counterclaims. Rydex expressly denies that Defendant is entitled to any relief whatsoever in connection with its Counterclaims, including, but not limited to, all relief explicitly requested by Defendant.

**COUNTERCLAIMS**

  1.  Defendant-counterclaimant Hospira is a Delaware corporation with its principal place of business in Lake Forest, Illinois.

  **ANSWER:**  Admitted.

  2.  On information and belief, Rydex is a Delaware corporation with its principal place of business in Newark, Delaware.

  **ANSWER:**  Admitted.

  3.  These counterclaims are for a declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35 of the United States Code.

  **ANSWER:**  Admitted.

4.      This Court has subject matter jurisdiction of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**ANSWER:**   Admitted.

5.      Rydex is subject to personal jurisdiction in this judicial district by virtue of having filed its complaint here and because Rydex, on information and belief, has its principal place of business in Delaware.

**ANSWER:**   Admitted.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**   Admitted.

7.      Rydex has accused Hospira of infringing the '180 patent and has claimed to be the owner of the '180 patent.

**ANSWER:**   Admitted.

## COUNTERCLAIM I
### (Non-infringement of the '180 patent)

8.      Defendant-Counterclaimant Hospira repeats and realleges paragraphs 1-7 of its Counterclaims as though fully set forth herein.

**ANSWER:**   Rydex repeats and incorporates by reference its responses to the preceding paragraphs of Hospira's Counterclaims as though fully set forth herein.

9.      Hospira has not and does not infringe the '180 patent because it has not and does not make, use, sell, import, and/or provide and cause to be used any products that meet every limitation of any claim of the '180 patent.

**ANSWER:**   Denied.

10.     An actual and justifiable controversy exists between the parties as to the noninfringement of the '180 patent by Hospira and the Accused Instrumentalities specifically.

**ANSWER:** Rydex admits that an actual and justiciable controversy exists between the parties. Rydex denies the remaining allegations, averments and conclusions of law and fact in this paragraph.

## COUNTERCLAIM II
### (Invalidity of the '180 patent)

11. Defendant-Counterclaimant Hospira repeats and realleges paragraphs 1-10 of its Counterclaims as though fully set forth herein.

**ANSWER:** Rydex repeats and incorporates by reference its responses to the preceding paragraphs of Hospira's Counterclaims as though fully set forth herein.

12. The claims of the '180 patent are invalid for failing to meet the conditions of patentability within the meaning of the patent laws, 35 U.S.C. § 101 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Denied.

13. An actual and justifiable controversy exists between the parties as to the invalidity of the '180 patent.

**ANSWER:** Rydex admits that an actual and justiciable controversy exists between the parties. Rydex denies the remaining allegations, averments and conclusions of law and fact in this paragraph.

## DEMAND FOR JURY TRIAL

14. Hospira demands a trial by jury of all issues properly triable against it by jury in this action.

**ANSWER:** Rydex admits Hospira demands a jury trial for all issues triable to a jury in this action.

## AFFIRMATIVE DEFENSES

By way of further answer, as Affirmative Defenses to Hospira's Counterclaims, and without assuming any burden that it would not otherwise have, Rydex states as follows:

### First Affirmative Defense

Hospira's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Rydex expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## DEMAND FOR JURY TRIAL

Rydex demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief quested in its Complaint, Rydex respectfully prays that this Court:

A. Dismiss Hospira's Counterclaims in their entirety with prejudice, with Hospira taking nothing thereby;

B. Declare this action to be exceptional pursuant to 35 U.S.C. § 285 and award Rydex its costs and attorneys' fees incurred in defending against these Counterclaims; and

C. Award Rydex any and all further relief as the Court may deem just and proper.

Dated: September 9, 2013

Respectfully submitted,

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Rydex Technologies LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2013, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606