**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RYDEX TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BAXTER INTERNATIONAL, INC., <br><br> Defendant. | C.A. No. 13-664-RGA <br><br><br> **JURY TRIAL DEMANDED** |
| RYDEX TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CAREFUSION CORPORATION, <br><br> Defendant. | C.A. No. 13-665-RGA |
| RYDEX TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HAEMONETICS CORPORATION, <br><br> Defendant. | C.A. No. 13-667-RGA |
| RYDEX TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HOSPIRA, INC., <br><br> Defendant. | C.A. No. 13-668-RGA |

**RYDEX TECHNOLOGIES LLC'S MOTION FOR
SUPPLEMENTAL *MARKMAN* SUBMISSIONS IN LIGHT OF
THE SUPREME COURT'S DECISION IN *TEVA V. SANDOZ***

1

Rydex hereby submits this Motion for supplemental briefing in the above-captioned cases, in light of the Supreme Court's decision in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, No. 13–854 (Jan. 20, 2015).[1]

The Parties recently argued claim construction and summary judgment issues before the Court on three claim terms: "fluid container," "nozzle," and "on" the nozzle. That oral argument took place on January 20, 2015. On that same date, the Supreme Court issued an opinion in the matter of *Teva v. Sandoz*. In its opinion, the Supreme Court overturned the long-standing rule that claim construction should be evaluated entirely *de novo* by the Federal Circuit. Instead, the Court held that the Federal Circuit must grant deference to the District Court with respect to subsidiary factual findings. *Teva* at 14. The opinion also notes that in some cases the District Court would be required to make subsidiary factual findings. *Id.* at 12.

Given this change in the standard of review, Rydex believes that supplemental submissions on subsidiary factual findings are appropriate. Prior to the Court's ruling in *Teva*, distinguishing between subsidiary factual findings and the ultimate legal issue of claim construction was of no moment to parties or to District Courts, because the Federal Circuit reviewed the entirety of the record *de novo*. The situation is now very different. Subsidiary factual findings are reviewed for "clear error," while the ultimate claim construction is viewed *de novo*. *Id.* at 14. . This new analytical framework will likely lead to a different approach to claim construction at the District Court level. First, courts will likely render more subsidiary factual findings, and just as important

---

[1] On Thursday, January 29, Rydex identified this issue with Defendants, and submitted a Notice to the Court that Rydex had raised the issue. (*See. e.g.* D.I. 68 in Civil Action No. 1:13-cv-00664.) Rydex intended to confer with Defendants and then provide the Court with a stipulation or further proposal. On Friday, January 30, Defendants informed Rydex that they viewed additional submissions as unnecessary, and submitted a "Response" to Rydex's Notice to that effect. (D.I. 69 in Civil Action No. 1:13-cv-00664.)

for the present issue, *parties* will argue for certain subsidiary factual findings given the emphasis and deference they receive.

Allowing short, additional submissions on subsidiary factual findings here will fulfill goals of both efficiency and fairness. By making specific subsidiary factual findings, the Court will decrease the chance of having the case ultimately return from the Federal Circuit with additional work to be done by the parties and Court (whether that appeal happens soon or a year from now). Allowing the parties to provide submissions on such findings and supporting evidence would assist the Court in isolating and understanding those proposed findings that the parties deem important. All of that creates a more efficient process. Just as important, Rydex believes that, in light of the change in legal standards, it would be unfair to preclude the parties from offering specific factual findings and related evidence.

Specifically, Rydex proposes a simultaneous ten-page supplemental brief from each party, followed by simultaneous five-page responses. Alternatively, Rydex would not oppose an opening ten-page supplemental brief by one side, followed by a ten-page response from the other side. Either approach would advance the interests of efficiency and fairness as set forth above.

For these reasons, Rydex respectfully requests supplemental briefing in the above-captioned cases, in light of the Supreme Court's decision in *Teva v. Sandoz*.

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (#4241)
1220 N. Market Street, Suite 850
Wilmington, DE 19801
(302)-449-9010
tdevlin@devlinlawfirm.com

Dated: February 4, 2015