**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RYDEX TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>BAXTER INTERNATIONAL, INC.,<br><br>  Defendant. | Civil Action No. 13-664-RGA |
| RYDEX TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>CAREFUSION CORPORATION,<br><br>  Defendant. | Civil Action No. 13-665-RGA |
| RYDEX TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>HAEMONETICS CORPORATION,<br><br>  Defendant. | Civil Action No. 13-667-RGA |
| RYDEX TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>HOSPIRA, INC.,<br><br>  Defendant. | Civil Action No. 13-668-RGA |

**DEFENDANTS' RESPONSE TO RYDEX TECHNOLOGIES LLC'S MOTION FOR
SUPPLEMENTAL *MARKMAN* SUBMISSIONS IN LIGHT OF
THE SUPREME COURT'S DECISION IN *TEVA V. SANDOZ*__

Rydex's request for supplemental briefing based on *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, No. 13–854 (Jan. 20, 2015) should be denied. *Teva* does not impact the issues that are presently before this Court because it does not change the framework under which district courts construe patent claims. Instead, the Supreme Court held in *Teva* that a district court's underlying factual determinations made in connection with claim construction should be reviewed under a "clear error" standard instead of a "*de novo*" standard. *Id*. at 1-2. Thus, further claim construction briefing in this case is not warranted.

In its attempt to reopen the present record, Rydex suggests that *Teva* changed the law by requiring district courts to make subsidiary factual findings. D.I. 70 (C.A. No. 13-664) at 2. Rydex is incorrect. *Teva* simply acknowledges the basic principle that claim construction sometimes involves underlying factual determinations—the same principle the Supreme Court previously recognized eighteen years ago in *Markman* v. *Westview Instruments, Inc.*, 517 U.S. 370 (1996). *See Teva*, at 6 ("While we held in *Markman* that the ultimate issue of the proper construction of a claim should be treated as a question of law, we also recognized that in patent construction, subsidiary factfinding is sometimes necessary."). Citing *Markman*, the Supreme Court further explained that claim construction is "a practice with 'evidentiary underpinnings,' a practice that 'falls somewhere between a pristine legal standard and a simple historical fact.' … [C]ourts may have to make 'credibility judgments' about witnesses." *Teva*, at 7 (internal citations omitted). In sum, the Supreme Court in *Markman* already "recognized that courts may have to resolve subsidiary factual disputes." *Id*.

The *Teva* decision bears no impact on the type of evidence a district court should consider. Nor does it change the circumstances in which factual determinations must be made or elevate the importance of those factual findings for purposes of properly construing claims. *See*

*id*. at 10 ("as we said in *Markman,* subsidiary factfinding is unlikely to loom large in the universe of litigated claim construction.")  Rather, *Teva* only changed the level of deference on appeal when such subsidiary factual findings are made.  *Id*. at 1-2.  The Federal Circuit will continue to review the ultimate construction of a claim *de novo* (*id.* at 13) and claim construction at the district court level remains the same.

  Rydex's erroneous interpretation of *Teva* would have far-reaching consequences on pending claim construction proceedings in district courts across the country—a result that is not warranted by the *Teva* decision nor intended by the Supreme Court.  Here, the parties have filed four briefs addressing the claim construction issues raised in Defendants' motion and argued their positions to the Court for more than two hours at the hearing.  The record is complete.  Additional briefing is unwarranted and would only subject the parties to unnecessary litigation costs and delay.  Defendants respectfully request that the Court deny Rydex's motion for supplemental briefing and proceed with its consideration of Defendants' Motion for Summary Judgment.

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
   Philip A. Rovner (#3215)
   Jonathan A. Choa (#5319)
   Alan R. Silverstein (#5066)
   Hercules Plaza
   P.O. Box 951
   Wilmington, DE  19899
   (302) 984-6000
   provner@potteranderson.com
   jchoa@potteranderson.com
   asilverstein@potteranderson.com

*Attorneys for Defendant*
*Baxter International, Inc.*

Of Counsel*:*

John Allcock
Richard Mulloy
Jesse Hindman
Tiffany Miller
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  94201-4297
(619) 699-2700

DLA PIPER LLP (US)

By: */s/ Denise S. Kraft*
   Denise S. Kraft (#2778)
   Brian A. Biggs (#5591)
   1201 N. Market Street, Suite 2100
   Wilmington, DE 19801
   (302) 468-5700
   denise.kraft@dlapiper.com
   brian.biggs@dlapiper.com

*Attorneys for Defendant*
*CareFusion Corporation*

| | |
|---|---|
| Of Counsel: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Deepro Mukerjee<br>Christopher L. McArdle<br>ALSTON & BIRD LLP<br>90 Park Avenue, 12th Floor<br>New York, NY 10016-1387<br>(212) 210-9400 | By: */s/ Rodger D. Smith II*<br>    Rodger D. Smith II (#3778)<br>    1201 North Market Street<br>    P.O. Box 1347<br>    Wilmington, DE 19899-1347<br>    (302) 351-9200<br>    rsmith@mnat.com |
| Kamran Jivani<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>(404) 881-7000 | *Attorneys for Defendant<br>Haemonetics Corporation* |
| Of Counsel*:* | MORRIS JAMES LLP |
| Bradford P. Lyerla<br>Benjamin J. Bradford<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>(312) 222-9350 | By: */s/ Mary B. Matterer*<br>    Richard K. Herrmann (#405)<br>    Mary B. Matterer (#2696)<br>    500 Delaware Avenue, Suite 1500<br>    P.O. Box 2306<br>    Wilmington, DE 19899-2306<br>    (302) 888-6800<br>    mmatterer@morrisjames.com |
| | *Attorneys for Defendant<br>Hospira, Inc.* |

Dated: February 13, 2015
1181351